J. RUSSELL STEDMAN (SBN 117130)
rstedman@mail.hinshawlaw.com
TRAVIS R. WALL (SBN 191662)
twall@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:     (415) 362-6000
Facsimile:      (415) 834-9070

SPENCER Y. KOOK (SBN 205304)
skook@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street
Forty-Seventh Floor
Los Angeles, CA 90071
Telephone:     (213) 680-2800
Facsimile:      (213) 614-7399

RAOUL D. KENNEDY (SBN 40892)
raoul.kennedy@skadden.com
JAMES P. SCHAEFER (SBN 250417)
james.schaefer@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, #1400
Palo Alto, California 94301
Telephone:     (650) 470-4550
Facsimile:      (650) 798-6586

Attorneys for Defendants
APPLIED UNDERWRITERS INC., APPLIED UNDERWRITERS
CAPTIVE RISK ASSURANCE COMPANY, INC., AND
CALIFORNIA INSURANCE COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PET FOOD EXPRESS LTD., a California corporation and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED UNDERWRITERS INC., et al.<br><br>Defendants. | Case No. 3:16-CV-01539-EMC<br><br>**STIPULATION AND [~~PROPOSE~~D] ORDER TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |

## STIPULATION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Plaintiff PET FOOD EXPRESS LTD and Defendants APPLIED UNDERWRITERS INC., APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE, INC., AND CALIFORNIA INSURANCE COMPANY, INC. (collectively "the Parties"), through their counsel of record, file this Stipulation to Transfer Venue to the United States District Court for the Eastern District of California, and in support therefore, respectfully show:

On February 18 2016, Plaintiff filed a Class Action Complaint (the "Complaint") against defendants Applied Underwriters, Inc. ("Applied"), Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA") and California Insurance Company ("CIC") (collectively the "Applied Defendants") in Alameda County Superior Court.   On March 29, 2016, the Applied Defendants removed this action to this Court.  *See* Dkt. 1. In its Complaint, Plaintiff seeks to represent a class of California employers who purchased an EquityComp® workers' compensation program (the "EquityComp® Program") from the Applied Defendants within four years prior to the filing of the Complaint.  *See* Complaint ("Compl.") ¶ 25. Plaintiff's Complaint asserts four claims for relief against the Applied Defendants: violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.), rescission, declaratory relief and fraud.

Prior to the filing of this action, Shasta Linen Supply, Inc. ("Shasta Linen") filed a putative class action in the United Stated District Court for the Eastern District of California involving the same workers' compensation program. In *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:16-cv-00158-WBS-AC (the "*Shasta Linen* action"), Shasta Linen seeks to represent a class of California employers who purchased the EquityComp® Program.  *See* Dkt. 16 (Request for Judicial Notice ("RJN"), Exh. A). The matter has been assigned the Honorable William B. Shubb.  The *Shasta Linen* action was initially filed in the Eastern District of California on January 26, 2016.  Shasta Linen filed a First Amended Class Action Complaint (the "Shasta FAC") on April 8, 2016.  RJN, Exh. B. The Shasta FAC asserts claims for relief against the Applied Defendants for violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) and for fraud.

1

STIPULATION TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
Case No. STK-CV-UF-2016-0001675

1   Defendants filed a motion to transfer venue of this action to the United States District Court

2   for the Eastern District of California pursuant to 28 U.S.C. § 1404(a), and in the alternative to stay or

3   dismiss this action pursuant to the first-to-file rule ("Motion to Transfer").  The Motion to Transfer

4   is scheduled to be heard on June 23, 2016.  The Applied Defendants moved on the ground that venue

5   for the instant action would be proper in the Eastern District, that the *Shasta Linen* action involves

6   the same factual and legal issues, many of the same witnesses and evidence as the instant action, and

7   seeks to certify a class of California employers, and that the interests of justice support a transfer to

8   avoid the risk of inconsistent rulings and the unnecessary duplication of effort and expense.

9   Separately, the Applied Defendants filed a Motion to Dismiss Plaintiff's Complaint, in part,

10   pursuant to Federal Rule of Civil Procedure 12(b)(6), scheduled to be heard on July 28, 2016.

11   Plaintiff does not oppose the Applied Defendants' Motion to Transfer. By this Stipulation,

12   the Parties agree that a transfer to the Eastern District would serve the convenience of the parties and

13   witnesses and that a transfer would promote the interests of justice.

14   On a motion to transfer, the moving party or the parties by stipulation must show that the

15   transferee court has complete personal jurisdiction over all defendants and subject matter jurisdiction

16   over the claims and that venue is appropriate.

17   The instant action could have been brought in the Eastern District. Each of the Applied

18   Defendants has sufficient "continuous and systematic" contacts with California to establish general

19   jurisdiction within the state.  *See* Complaint ¶ 28 (stating that the putative class includes more than

20   100 California employers to whom the EquityComp® Program was sold); RJN, Exh. B ¶ 35 ("The

21   proposed class is so numerous that joinder of all members is impracticable."). The Applied

22   Defendants are deemed to reside, and personal jurisdiction exists, in any district within the state in

23   which their contacts would be sufficient to subject them to personal jurisdiction, which includes the

24   Eastern District.  28 U.S.C. § 1391(d).  Venue is proper for a defendant corporation in any district in

25   which a court has personal jurisdiction over that corporation. *See* 28 U.S.C. § 1391(a) – (d).

26   Subject matter jurisdiction is satisfied under the Class Action Fairness Act of 2005 because

27   (1) one or more members of the putative class are citizens of states different from one or more of the

28

2

defendants, (2) the proposed class consists of more than 100 members and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(5)(B), and 1332(d)(6); *see also* Dkt. 1 (Notice of Removal).

In light of the above, the instant action could have been brought in the Eastern District of California and a transfer of venue to that district is appropriate.

It is so stipulated:

Dated:  May 31, 2016                                HINSHAW & CULBERTSON LLP


                                        By:  /s/ Travis R. Wall
                                             J. RUSSELL STEDMAN
                                             SPENCER Y. KOOK
                                             TRAVIS R. WALL
                                             Attorneys for Defendants
                                             APPLIED UNDERWRITERS INC., APPLIED
                                             UNDERWRITERS CAPTIVE RISK
                                             ASSURANCE COMPANY, INC., AND
                                             CALIFORNIA INSURANCE COMPANY,
                                             INC.


Dated:  May 31, 2016                                HENN, ETZEL & MOORE, INC.


                                        By:  /s/ John Douglas Moore
                                             JOHN DOUGLAS MOORE
                                             Attorneys for Plaintiffs
                                             PET FOOD EXPRESS LTD, a California
                                             Corporation and all those similarly situated


**SIGNATURE ATTESTATION**

I hereby attest that I have obtained the concurrence of John Douglas Moore, counsel for Plaintiffs, for the filing of this stipulation.


                                             /s/ Travis R. Wall
                                             TRAVIS R. WALL


3

STIPULATION TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
Case No. STK-CV-UF-2016-0001675

<u>**ORDER**</u>

The Court finds that venue would be proper in the Eastern District of California, that a transfer would serve the convenience of the parties and witnesses, and that a transfer would promote the interest of justice to avoid the risk of inconsistent rulings and unnecessary duplication of effort and expense. Accordingly, pursuant to 28 U.S.C. § 1404(a) and the stipulation of the parties, this action is transferred to the United States District Court for the Eastern District of California. The Parties shall request a hearing date for the Applied Defendants' pending motion to dismiss from the assigned judge after transfer.

IT IS SO ORDERED.

Date:       June 1, 2016



The Honorable
United

STIPULATION TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
Case No. STK-CV-UF-2016-0001675