SHAND S. STEPHENS (Bar No. 67694)
shand.stephens@us.dlapiper.com
AMANDA L. MORGAN (Bar No. 246277)
amanda.morgan@dlapiper.com
JEANETTE T. BARZELAY (Bar No. 261780)
jeanette.barzelay@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, California 94105
Tel:  (415) 836-2500
Fax:  (415) 836-2501

TRAVIS R. WALL (SBN 191662)
twall@mail.hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
One California Street, 18th Floor
San Francisco, CA 94111
Tel:  (415) 362-6000
Fax:  (415) 834-9070

SPENCER Y. KOOK (SBN 205304)
skook@mail.hinshawlaw.com
**HINSHAW & CULBERTSON LLP**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071
Tel:  (213) 680-2800
Fax:  (213) 614-7399

Attorneys for Defendants Applied Underwriters, Inc., Applied Underwriters Captive Risk Assurance Company, Inc., California Insurance Company, and Applied Risk Services

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PET FOOD EXPRESS LTD., et al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>APPLIED UNDERWRITERS, INC., et al.,<br><br>             Defendants. | **CASE NO. 2:16-01211-WBS-AC**<br><br>Judge William B. Shubb<br>Magistrate Judge Allison Claire<br><br>**APPLIED DEFENDANTS' MEMORANDUM OF COSTS IN SUPPORT OF BILL OF COSTS** |

## I. INTRODUCTION

Defendants Applied Underwriters, Inc., Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"), California Insurance Company ("CIC"), and Applied Risk Services ("ARS") (collectively, the "Applied Defendants") hereby submit this memorandum of costs in support of their Bill of Costs, filed concurrently herewith.

On September 12, 2019, the Court entered judgment in the Applied Defendants' favor. The costs included in the Applied Defendants' Bill of Costs are correctly stated and were reasonably and/or necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed. Further, the costs in the Applied Defendants' Bill of Costs are fairly attributable to the claims asserted in this litigation and are recoverable by the Applied Defendants' under at least 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, Civil Local Rule 292, and relevant case law. The Applied Defendants therefore respectfully request that the Court enter an award of costs in their favor in the amount of $21,246.04.

## II. APPLICABLE RULES

Federal Rule of Civil Procedure authorizes the clerk to tax costs, other than attorney's fees, in favor of the prevailing party. Civil Local Rule 292(a) explains that: "Costs shall be taxed in conformity with the provisions of 28 U.S.C. § 1920, and such other provisions of law as may be applicable." Civil Local Rule 292(b) states:

> **Filing of Cost Bill.** Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred. Cost bill forms shall be available from the Clerk upon request or on the Court's website.

The Bill of Costs is filed concurrently herewith and includes an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred. This memorandum serves to provide further support explaining why the costs claimed were "necessarily obtained." *See Pruitt v. Genentech, Inc.*, No. 2:17-CV-00822-JAM-AC, 2019 WL 4034480, at *2 (E.D. Cal. Aug. 27, 2019).

**III. ARGUMENT**

The Applied Defendants' Bill of Costs seeks $21,246.04 in taxable costs, which is intended to omit non-taxable costs and amounts to a fraction of the total costs incurred by the Applied Defendants. The Applied Defendants' request is reasonable and reflects necessary expenditures to litigate this complex, putative class action case that spanned over two years. An itemization of these costs is attached as Attachment A to the Bill of Costs, followed by true and correct copies of supporting invoices attached as Exhibits A through C. Applied Defendants are only seeking one-half of any cost incurred that is attributable to defending both Plaintiff's case and the case entitled *Shasta Linen Supply, Inc., et al. v. Applied Underwriters, Inc. et al.*, Case No. 2:16-CV-00158-WBS-AC (the "*Shasta* case"). *See Barnett v. S. California Edison Co. Long Term Disability Plan*, No. 1:12-CV-00130-LJO, 2013 WL 6230270, at *2 (E.D. Cal. Dec. 2, 2013) (awarding half costs for recoverable expenses incurred for items used in two different cases).

Costs that the Applied Defendants are not seeking as recoverable costs have been redacted in the supporting invoices (except for the deposition transcript invoices, where the costs sought by the Applied Defendants are set out in the detailed spreadsheets at Section 1 of the Itemization[1]). Invoice descriptions containing information protected under attorney-client privilege or work product immunity have also been redacted.

**A. The Applied Defendants are entitled to recover their costs for transcripts**

Recoverable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). These costs include court reporter fees and fees for transcripts used in the course of litigation. *See, e.g., Rhodehouse v. Ford Motor Co.*, No. 216CV01892JAMDMC, 2019 WL 699947, at *2 (E.D. Cal. Feb. 20, 2019) (taxing costs for depositions and transcripts); *see also U.S. v. W. Radio Servs. Co., Inc.*, 671 Fed. App'x 460, 462 (9th Cir. 2016). To recover these costs, it is not necessary to show that the deposition transcripts were "actually submitted to the court," or that they were "absolutely indispensable,"

---

[1] The "Itemization" is an itemized list of all claimed costs including receipts and is attached to the Bill of Costs, filed concurrently herewith.

but rather just that the transcripts were "reasonably necessary" to the success of the suit. *W. Radio Servs. Co., Inc.*, 671 Fed. App'x at 462; *Bealer v. Rios,* No. 112CV01516DADEPGPC, 2018 WL 1243410, at *1 (E.D. Cal. Mar. 9, 2018).

The Applied Defendants seek costs for deposition transcripts in the amount of $8,582.58. (*See* Itemization at section 1a.) These depositions and deposition transcripts were reasonably necessary for Applied Defendants to analyze and respond to Plaintiff's allegations in this case. Applied Defendants used the information learned from the depositions, and in some instances used the transcripts themselves, in its briefs filed in opposition to Plaintiff's motion for class certification and motion for partial summary judgment, and in support of Applied Defendants' motion for summary judgment that the Court granted. It was necessary for the Applied Defendants to depose each of these witnesses. Specifically, Terrence Lim is Plaintiff's Chief Operating Officer and was also designated as its 30(b)(6) witness. Mark Witriol was Plaintiff's CEO and Terri Witriol its CFO. Michael Gonzalez was Plaintiff's broker and placed Plaintiff into the EquityComp® Program (the "Program"). Each of these witnesses provided important testimony regarding, among other things, Plaintiff's understanding of the Program, Plaintiff's intent in entering the Program, Plaintiff's participation and performance in the Program, and Plaintiff's alternative workers' compensation options to the Program.

Costs for the depositions of Shasta Linen and Alpha Polishing witnesses are not sought by the Applied Defendants. In addition, Applied Defendants are only asking for one-half the costs for defending depositions of Applied Defendants' witnesses where the same deposition was noticed in both this case and the *Shasta* case. In addition, the costs for all transcripts that were not requested at the standard rate have been adjusted to the standard rate with all rush fees removed. (*See* Itemization at section 1a.) The Applied Defendants have included exhibit costs, administrative fees, shipping and handling, and appearance fees related to creating the transcript. (*See id.*) The Applied Defendants have not included costs for real-time transcripts or rough transcripts. (*See id.*) A spreadsheet itemizing the recoverable costs that the Applied Defendants incurred for deposition transcripts is included in the Itemization to the Bill of Costs at section 1a, and true and correct copies of invoices supporting the costs are attached at Exhibit A thereto.

Costs of transcripts for important hearings, regardless of whether the hearing is on a dispositive motion, are taxable in this circuit. *See, e.g.*, *Daniel v. Ford Motor Co.*, No. CV21102890WBSEFB, 2018 WL 1960653, at *5 (E.D. Cal. Apr. 26, 2018) (awarding defendant transcript costs for, among other hearings, the hearing on plaintiffs' motion for class certification); *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-cv-03779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (finding that "[i]t was reasonable for [the prevailing party] to incur the expense of transcripts for all court proceedings, given that [the] case was so contentiously litigated" and awarding court reporter's fees for "the cost of all hearing transcripts because they were 'necessarily obtained'"); *eBay Inc. v. Kelora Sys., LLC*, No. 10-cv-04947, 2013 WL 1402736, at *11 (N.D. Cal. Apr. 5, 2013) ("[C]ourts allow costs for transcripts of important hearings"); *cf. Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F.Supp.2d 1139. 1148–50 (N.D. Cal. 2010) (disallowed costs for transcripts of hearings regarding a motion to compel a deposition, a discovery dispute, and a motion for a protective order).

The Applied Defendants seek recovery of the cost for an important hearing, Plaintiff's motion for class certification, in the amount of $165.75 (one-half the total cost). *See* Itemization at section 1b.) A spreadsheet itemizing the recoverable costs that the Applied Defendants incurred for hearing transcripts is included in the Itemization to the Bill of Costs at section 1b, and a true and correct copy of the invoice supporting the cost is attached at Exhibit A thereto.

**B.     The Applied Defendants are entitled to recover their costs for copies**

28 U.S.C. § 1920(4) permits recovery as taxable costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." For example, a party may recover the costs associated with copies made to prepare for cross motions for summary judgment, *see Weco Supply Co. v. Sherwin-Williams Co.*, No. 1:10-CV-00171 AWI, 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013), or in compiling trial notebooks and similar necessary trial preparation materials, *see Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019, 1049–50 (C.D. Cal. 2014).

The Applied Defendants incurred copying costs in the amount of $10,857.06 in connection with the preparation for deposition and deposition examination of witnesses Terrence

Lim, Terri Witriol, Michael Gonzalez, and Mark Witriol. (Itemization at section 2.) These costs were necessary to the Applied Defendants' organizing and taking of these depositions, as copies of documents are required for each participant at a deposition. Accordingly, these represent taxable costs pursuant to 28 U.S. Code § 1920(4); *see also Eaglesmith v. Ray*, No. 2:11-CV-00098 JAM-AC, 2013 WL 1281823, at *3 (E.D. Cal. Mar. 26, 2013) (specifically identifying "blowbacks" as recoverable costs).

The Applied Defendants also request $121.40 (one-half of total costs) for copies of deposition transcripts lodged with the Court pursuant to Local Rule 133(j) and the Court's Standard Information in connection with the motion for class certification. (Itemization at section 2.) These transcripts were therefore necessarily obtained, and the costs thereof are recoverable pursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 292(f)(3). *Peacock v. Horowitz*, No. 2:13-CV-02506-TLN-AC, 2016 WL 7034874, at *2 (E.D. Cal. Dec. 2, 2016) (specifically allowing recovery of costs for courtesy copy of transcript lodged pursuant to Local Rule 133(j) and noting that "[t]he Ninth Circuit has held that the cost of an original deposition and the copy of a deposition are recoverable under 28 U.S.C. § 1920(2) and (4), and further that an additional copy of a deposition is recoverable as an exemplification under § 1920(4)") (citing *Afflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

A spreadsheet itemizing the recoverable costs that the Applied Defendants incurred for reproduction and copy costs, totaling $10,978.46, is included in the Itemization to the Bill of Costs at section 2, and true and correct copies of invoices supporting the costs are attached at Exhibit B thereto.

### C. The Applied Defendants are entitled to recover their costs for demonstrative aids

Costs for physical preparation of hearing graphics and demonstratives are taxable. *See, e.g.*, 28 U.S.C. § 1920(4) ("Fees for exemplification . . . necessarily obtained for use in this case"); *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1998) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids."); *Daniel v. Ford Motor Co.*, No.

5

APPLIED DEFS' MEMO OF POINTS & AUTHORITIES ISO BILL OF COSTS
CASE NO. 2:16-01211 WBS AC

CV21102890WBSEFB, 2018 WL 1960653, at *7 (E.D. Cal. Apr. 26, 2018) (awarding costs for demonstratives, including computer animation); *Cargill Inc. v. Progressive Dairy Sols., Inc.*, No. CV-F-07-0349LJOSMS, 2008 WL 5135826, at *7 (E.D. Cal. Dec. 8, 2008) (awarding costs for demonstratives).

Civil Local Rule 292(f)(11) allows recovery of "other items . . . in the interest of justice." Here, Applied Defendants required an in-court technician to display these demonstratives. The Northern District routinely awards costs for providing an in-court technician and equipment costs associated with in-court demonstratives. *See, e.g.*, *Emblaze Ltd. v. Apple Inc.*, No. 11-cv-01079, 2015 WL 1304779, at *7 (N.D. Cal. Mar. 20, 2015); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009). Applied Defendants did not locate case law in this district to the contrary.

The Applied Defendants seek one-half the costs of preparing graphics and demonstratives for the hearing on class certification, as well as costs for in-court technical and equipment for display of evidence, graphics and demonstratives, in the amount of $1,519.25. (*See* Itemization at section 3.) These costs were reasonably necessary for this case, which involved complex evidence and legal analysis relating to the effect of California's workers' compensation regulatory scheme on principles of contract law, Plaintiff's participation in the Program, including the relationship of the various documents used in the Program and the enforceability of those documents, and complex factual issues regarding Plaintiff's understanding and participation in the Program.

Moreover, the $1,519.25 amount the Applied Defendants are seeking is conservative because it reflects only one-half of those costs associated with (1) the physical preparation of graphics and demonstratives and (2) in-court technician time. Specifically, the Applied Defendants included in their calculation only those costs associated with preparation or display of graphics, demonstratives, and evidence, and excluded all costs that were or may have been associated with their "intellectual efforts." *Cf. eBay Inc.*, 2013 WL 1402736, at *5. By using this conservative approach, the Applied Defendants likely omitted preparation costs it was nevertheless permitted to recover. Similarly, the Applied Defendants excluded all costs associated with the use of its in-court technician and equipment beyond those hours spent in court at the hearing. A spreadsheet itemizing the recoverable costs that the Applied Defendants incurred for hearing graphics costs is included in

the Itemization to the Bill of Costs at section 3, and true and correct copies of invoices supporting the costs are attached at Exhibit C thereto.

## IV. CONCLUSION

For the foregoing reasons, the Applied Defendants request that they be awarded their costs as set forth above, totaling $21,246.04.

Dated: September 26, 2019        Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Shand S. Stephens*
    SHAND S. STEPHENS
    AMANDA L. MORGAN
    JEANETTE T. BARZELAY
    555 Mission Street, Suite 2400
    San Francisco, California 94105
    Tel: (415) 836-2500
    Fax: (415) 836-250

**HINSHAW & CULBERTSON LLP**

    TRAVIS WALL
    One California Street, 18th Floor
    San Francisco, California 94111
    Tel: (415) 362-6000
    Fax: (415) 834-9070

    SPENCER Y. KOOK
    633 West 5th Street, 47th Floor
    Los Angeles, California 90071
    Tel: (213) 680-2800
    Fax: (213) 614-7399

Attorneys For Defendants Applied Underwriters, Inc., Applied Underwriters Captive Risk Assurance Company, Inc., California Insurance Company, and Applied Risk Services, Inc.