UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| PET FOOD EXPRESS LTD., | No. 2:16-cv-01211 WBS AC |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: BILL OF COSTS |
| APPLIED UNDERWRITERS, INC., APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., CALIFORNIA INSURANCE COMPANY, and APPLIED RISK SERVICES, | |
| Defendants. | |

----oo0oo----

After summary judgment was entered in favor of defendant (Docket No. 275), defendants submitted a Bill of Costs totaling $21,246.04 for the costs of subpoenas, transcripts, witness fees, copies, and related expenses. (Docket No. 150). Plaintiff has filed one objection to the Bill of Costs, arguing that the court should not award costs of $10,978.46 submitted pursuant to 28 U.S.C. Section 1920(4) and Local Rule 292(f)(5) for "Fees for exemplification and copies of papers necessarily

1

obtained for use in the action." (Docket No. 151.)

I. Legal Standard

Pursuant to 20 U.S.C § 1920(4), a court may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." "The proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 928 (9th Cir. 2015). "'Document production' and other similarly generic statements on the invoices are unhelpful in determining whether those costs are taxable." Id. (quoting In re Ricoh Co., Ltd. Patent Litig., 661 F.3d 1361, 1368 (Fed. Cir. 2011)).

Where the court finds that the costs submitted were incurred for making copies, the court must then determine "whether the copy was necessarily obtained for use in the case." Id. at 929. "A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited." Id. at 930. "That a chosen 'document production process' requires the creation of a copy does not establish that the copy is necessarily obtained for use in the case." Id. If a copy "was created to be produced in discovery, the cost of making the [copy] would be taxable under § 1920(4)." Id. at 929. By contrast, if a copy "was created solely for the convenience of

counsel, the cost of making the copy would not be taxable." Id.

II. Discussion

Defendants seek $10,978.46 in costs for "data management," "blowbacks,"[1] index tabs, labels, manila folders, and binders. (See Invoices for Copies, Ex. B (Docket No. 150).) Defendants submit that $10,857.06 constitute costs in connection with the preparation for depositions and deposition examinations of witnesses Terrence Lim, Terri Witriol, Michael Gonzalez, and Mark Witriol. (Def.'s Mem. at 4-5 (Docket No. 150-1).) The remaining $121.40 constitutes one-half of total costs for copies of deposition transcripts lodged with the Court pursuant to Local Rule 133(j) and the Court's Standard Information in connection with the motion for class certification. (Id.)

Blowbacks and the accessories used to assemble binders of copies clearly constitute copies under the meaning of the statute and plaintiff does not appear to seriously dispute this point. (See generally Pl.'s Obj.; see also Eaglesmith v. Ray, No. 2:11-CV00098 JAM-AC, 2013 WL 1281823, at *3 (E.D. Cal. Mar. 26, 2013) ("blowbacks" as recoverable costs); Hardwick v. Cty. of Orange, No. SACV131390JLSANX, 2017 WL 5664992, at *3 (C.D. Cal. Oct. 2, 2017) (binder assembly as recoverable costs).)

The cost for copies of deposition transcripts similarly constitute a cost for making copies under Section 1920(4) and are recoverable under the statute. See Peacock v. Horowitz, No. 2:13-CV-02506-TLN-AC, 2016 WL 7034874, at *2 (E.D. Cal. Dec. 2, 2016) (allowing recovery of costs for courtesy copy of transcript

---

[1] Blowbacks are the printing of electronic files for review or production in hardcopy form.

lodged pursuant to Local Rule 133(j) and noting that "[t]he Ninth Circuit has held that the cost of an original deposition and the copy of a deposition are recoverable under 28 U.S.C. § 1920(2) and (4), and further that an additional copy of a deposition is recoverable as an exemplification under § 1920(4)") (citing Afflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990)).

      "Data management," without further explanation, by contrast, does not constitute a cost of making copies. Only invoice No.90028978 charges for data management. (See Invoices for Copies.) The invoice charges for 5.5 hours of "data management" at a rate of $150.00 per hour. Counsel's statements establish only that the copying under all invoices was in connection with various depositions. The statements do not, however, establish that this data management item entailed the making of copies and the court cannot infer that it did. The item description is not sufficiently specific, particular, or clear "as to permit a determination that costs are awarded for making copies." See In re Online DVD-Rental, 779 F.3d at 928. Accordingly, costs for data management amounting to $825.00 are not taxable.

      Next, the court considers whether the copies associated with the $10,153.46 in costs ($10,978.46 minus $825.00) were necessarily obtained for the use in the case. Plaintiff objects that "[n]othing" describes how the copies were necessary in this case. (Pl.'s Objections at 3.) The court disagrees. Defendants describe how the copies were created for use in depositions of various witnesses, and how the copies were required for each of

the deposition participants and were not merely for the convenience of counsel.  (Def.'s Mem. at 4-5.)  Cf. In re Online DVD-Rental, 779 F.3d at 933 (affirming where district court found costs of printing exhibits and deposition transcripts to be taxable based on invoices and attorney declarations).  The invoices and counsel's statements therefore suffice for this court to find that the copies were necessarily obtained for use in this case.

IT IS THEREFORE ORDERED that costs for making copies of $10,153.46, as well as the uncontested costs of $10,252.48, for a total of $20,396.04, will be allowed for defendants and are taxed against plaintiff.

Dated:  August 24, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE